UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

CP, by and through his mother, )
MARILYN POWELL, *pro se*, and )
MARILYN POWELL, *pro se*, )
　)
　Plaintiffs, )
　)
v. ) No.: 3:10-CV-197
　) (VARLAN/SHIRLEY)
ALCOA POLICE DEPARTMENT and )
OFFICER BRET ROMER, in his individual )
and official capacity, )
　)
　Defendants. )

# MEMORANDUM OPINION

This civil action is before the Court on the Motion to Dismiss Defendants Alcoa Police Department and Brett Romer [Doc. 8] filed by defendants Alcoa Police Department and Bret Romer, in his individual and official capacity, and brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Marilyn Powell, proceeding *pro se*, has responded in opposition [Doc. 10] and defendants have filed a reply [Doc. 11]. The matter is ripe for determination. The Court has carefully reviewed the pending motion and the responsive pleadings, all in light of the applicable law. For the reasons set forth herein, defendants' motion to dismiss [Doc. 8] will be granted.

I.　**Relevant Facts**

Plaintiffs filed their complaint in this matter on May 4, 2010, asserting various allegations pertaining to events occurring during March 2009 [*see* Doc. 2]. Specifically,

plaintiff Marilyn Powell alleged that defendant Alcoa Police Department and defendant Brett Romer violated her civil rights and the civil rights of her son, C.P. [*see id.*].[1] Plaintiffs' allegations of civil rights violations include allegations of racial profiling, a stop of C.P. without probable cause, and false statements against plaintiff and C.P. which resulted in their arrests [*see id.*].

On June 10, 2010, defendants filed the instant motion to dismiss, arguing that plaintiffs' complaint should be dismissed because defendant Alcoa Police Department is not an entity capable of being sued. Defendants also argue that plaintiff, as a *pro se* litigant, cannot sue on behalf of C.P. Finally, defendants move for dismissal of plaintiffs' complaint because plaintiffs' allegations of civil rights violations were brought past the one-year statute of limitations provided for in civil rights actions.

## II.    Standard of Review

As an initial matter, the Court notes that it is mindful that a complaint filed by a *pro se* plaintiff is to be liberally construed. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, in a motion to dismiss for failure to state a claim, the Court must still consider the sufficiency of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). The first step in testing the sufficiency of the complaint is to identify any conclusory

---

[1] In the complaint, plaintiffs also seem to assert civil rights violations for Eva Cotner ("Cotner"), although plaintiffs did not name Cotner in the caption of the complaint [*see* Doc. 2]. However, in the response to defendants' motion to dismiss, plaintiffs clarify their claims, stating that "[Cotner] is not named as a plaintiff in the complaint." [Doc. 10, p. 3]. Accordingly, the Court will not address any claims to the extent such claims seem to pertain to Cotner.

allegations. *Ashcroft v. Iqbal*, — U.S. —, —, 129 S. Ct. 1937, 1950 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a plaintiff's obligation to provide the grounds of [his or her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Although the court must accept all well-pleaded factual allegations of a complaint as true for purposes of a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).

### III. Analysis

Upon the Court's review of the motion to dismiss, it is clear that defendant Alcoa Police Department is not an entity capable of being sued under 42 U.S.C. § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (noting that the Jefferson County Police Department was not an entity capable of being sued); *Jones v. West Point Police Depart.*, No. 3:06-CV-172-S, 2008 WL 474413, at *2 (W.D. Ky. Feb. 19, 2008) (stating that

"[p]olice departments of local governments are not entities which may be sued"). As such, defendant Alcoa Police Department cannot be sued for a violation of § 1983 and all claims asserted by plaintiffs against it will be dismissed.

The Court also notes that plaintiffs have failed to comply with one of the basic rules of admission to practice law in this federal court. Local Rule 83.5 provides that:

> It shall be required to practice generally in this Court that an applicant be currently admitted to practice in the highest court of a state, territory, or the District of Columbia, and that the applicant appear to be of good moral and professional character.

E.D. TN L.R. 83.5(a)(1). This is not a rule pertaining to whether a plaintiff may proceed *pro se*, without a license, and represent himself or herself in matters before the Court. Rather, it is a rule that requires that individuals who purport to represent the interests of others, not themselves, be licensed to practice law. Accordingly, because plaintiffs' complaint clearly asserts allegations and claims arising out of plaintiff Marilyn Powell's representation of the interests and rights of her *son*, C.P., plaintiffs' claims brought on behalf of C.P., and any and all allegations that do not specifically pertain to any alleged claims of plaintiff, *herself*, will be dismissed. *See Smith v. Dukes*, 21 F. App'x, 344, 344-45 (6th Cir. 2001).

Finally, the Court agrees with defendants that plaintiffs' claims have not been brought within the one-year statute of limitations applicable to civil rights actions. The complaint, liberally construed, contains allegations of civil rights violations that allegedly occurred in March of 2009, including an allegation for false arrest or detention in violation of the Fourth Amendment [*see* Doc. 2]. Plaintiffs did not bring their complaint until May 2010 [*see id.*].

4

It is well settled that actions alleging a violation of civil rights under 42 U.S.C. § 1983 must be brought within the one-year limitations period in Tenn. Code Ann. § 28-3-104(a)(3). *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir.), *cert. denied*, 540 U.S. 876 (2003); T.C.A. § 28-3-104(a)(3). This one-year statute of limitations covers an action for false arrest and/or detention, and the statute begins to run at the time the plaintiff becomes held pursuant to legal process. *Wallace v. Kato*, 549 U.S. 384 (2007); *see also Flinn v. Corbitt*, 3:07-CV-402, 2008 WL 2388131, at *2 (E.D. Tenn. Jun. 9, 2008). Accordingly, to the extent plaintiff Marilyn Powell is asserting claims for civil rights violations on behalf of herself, she did not bring these claims within the one-year statute of limitations for civil rights actions and such claims will be dismissed.

**IV. Conclusion**

For the reasons stated herein, defendant's Motion to Dismiss Defendants Alcoa Police Department and Brett Romer [Doc. 8] will be **GRANTED** . Accordingly, all claims against defendants are **DISMISSED** and the Clerk of Court will be **DIRECTED** to close this case. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE