# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

MARILYN POWELL, )
)
      Plaintiff, )
)
v. ) No. 3:10-CV-197
)
ALCOA POLICE DEPT., et al., )
)
      Defendants. )

## REPORT AND RECOMMENDATION

This matter is before the Court on the Plaintiff's Motion/Application for Leave to Appeal *In Forma Pauperis* [Doc. 14], which has been referred to this Court by order [Doc. 16] of the District Court, pursuant to 28 U.S.C. § 636(b) and the Rules of this Court, for disposition or for report and recommendation as may be appropriate. The Plaintiff has filed the above described Motion/Application for Leave to Appeal *In Forma Pauperis* [Doc. 14],[1] along with a Notice of Appeal [Doc. 15].

In her Motion/Application to Proceed In Forma Pauperis [Doc. 14], the Plaintiff asks to proceed on appeal without payment of fees or costs. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Federal Rule of Appellate Procedure 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed in forma pauperis

---

[1] Though the title of the document that the Plaintiff has filed states that it is an "Application to Proceed in District Court Without Prepaying Fees or Costs," the motion/application has been filed with a notice of appeal that clearly indicates it is meant as a request for waiver of any fees associated with the appeal. It will be treated as such.

in the district court, she may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective standard. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any non-frivolous issue. Id. at 445-46.

The Court has reviewed the Plaintiff's Notice of Appeal, and simply put, the Plaintiff's "respectful disagreement" with the Court's prior decision does not state non-frivolous grounds for appeal. The Notice of Appeal includes various case excerpts that do not undermine the Court's prior decision, and the Plaintiff's "issues on appeal" appear to be her desire to re-litigate her son's, not her, constitutional claim on appeal. In the last eighteen months, the Plaintiff has filed eight suits in this Court alleging constitutional violations relating to her son's interaction with the Alcoa educational system, Alcoa police, and state juvenile services. All of these cases have been dismissed based upon a variety of procedural and statutory defects.[2]

---

[2]The Court notes that Ms. Powell was afforded a full hearing, lasting over an hour and a half, on these issues on August 27, 2009, in Case No. 3:07-CV-248. Thereafter, the Court wrote a fifteen page opinion explaining why the Plaintiff's claims failed, [Doc. 18 in Case No. 3:07-CV-248]. The District Court, similarly, composed a nine-page opinion explaining the grounds for dismissal in Case No. 3:09-CV-171. There are numerous other examples of the time that has been spent on these claims, but suffice it to say, the undersigned and the District Court have expended a great deal of time addressing, and re-addressing, the Plaintiff's allegations.

The same considerations that led the Court to dismiss the Plaintiff's other seven cases and to dismiss this case compel the conclusion that an appeal would not be taken in good faith. This Court therefore **RECOMMENDS**[3] that the District Court **CERTIFY**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith. Therefore, the Court **RECOMMENDS** that the Court **DENY** Plaintiff's Motion/Application for Leave to Appeal *In Forma Pauperis* **[Doc. 14]**, and **ORDER** that if Plaintiff intends to pursue her appeal, she must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

Respectfully Submitted,

  s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).